Michael B. **DURAND**, an individual, Plaintiff–Appellant,

v.

**CITY OF PHOENIX**, a municipal corporation, Defendant–Appellee.

No. 06–16608.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**646**

Submitted March 18, 2008.*

Filed March 25, 2008.

Michael B. Durand, Temperance, MI, pro se.

David R. Schwartz, Esq., Bradley D. Gardner, Esq., Udall, Shumway, Blackhurst, Allen & Lyons, Mesa, AZ, for Defendant–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Michael B. Durand appeals pro se from the district court's summary judgment for the City of Phoenix in his action alleging disability discrimination and intentional infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Dark v. Curry County*, 451 F.3d 1078, 1082 n. 2 (9th Cir.2006), and we affirm.

■ The district court properly concluded that Durand's discrimination claims were time-barred, because Durand filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in July 2004, more than 180 days after his termination in early December 2003. *See* 42 U.S.C. § 2000e–5(e) ("A charge [of discrimination] shall be filed [with the EEOC] within one hundred and eighty days after the alleged unlawful employment practice occurred . . . .").

■ The district court also properly concluded that the acts Durand complained of were not sufficiently extreme and outrageous to state a claim for relief for intentional infliction of emotional distress under Arizona law. *See Mintz v. Bell Atlantic Sys. Leasing Intern., Inc.*, 183 Ariz. 550, 905 P.2d 559, 563 (1995) ("[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

provide a basis for recovery for the tort of intentional infliction of emotional distress.").

We do not consider Durand's contentions raised for the first time on appeal. *See Cold Mountain v. Garber,* 375 F.3d 884, 891 (9th Cir.2004) ("In general, we do not consider an issue raised for the first time on appeal.")

Durand's remaining contentions are unavailing.

We deny all pending motions.

**AFFIRMED.**